# Obligation to Sell Governors Island

The statutory requirement that the Administrator of General Services sell Governors Island at fair market value continues to apply notwithstanding the President's subsequent reservation of Governors Island as a national monument under the Antiquities Act.

April 24, 2001

MEMORANDUM OPINION FOR THE ACTING GENERAL COUNSEL
GENERAL SERVICES ADMINISTRATION

This memorandum confirms oral advice provided on January 19, 2001, in connection with President Clinton's designation of Governors Island, New York, as a national monument, *see* Proclamation No. 7402, 66 Fed. Reg. 7855 (2001). We were asked whether section 9101 of Public Law 105-33, 111 Stat. 251, 670 (1997), which requires the Administrator of General Services ("Administrator") to sell at fair market value "no earlier than fiscal year 2002 . . . all rights, title, and interests of the United States in and to the land of, and improvements to, Governors Island, New York," would continue to require the Administrator to sell the property after the President's designation of the property as a national monument under section 2 of the Antiquities Act, 16 U.S.C. § 431 (1994). As we advised, we believe that section 9101 would continue to require the sale.[1]

The Antiquities Act authorizes the President to

> declare by public proclamation historic landmarks, historic and prehistoric structures, and other objects of historic or scientific interest that are situated upon the lands owned or controlled by the Government of the United States to be national monuments, and may reserve as a part thereof parcels of land, the limits of which in all cases shall be confined to the smallest area compatible with the proper care and management of the objects to be protected.

16 U.S.C. § 431. The Antiquities Act thus confers upon the President the power to take federal lands out of the public domain by reserving them as national monuments in order to protect the objects of scientific and historic interest located on those lands.

We have previously observed that, "[a]s a general rule, land that has been withdrawn from the public domain is no longer subject to laws governing the

---

[1] Our memorandum approving the form and legality of the proclamation designating the property as a national monument indicated that the proclamation was subject to existing law, including section 9101. Memorandum from Randolph D. Moss, Assistant Attorney General, Office of Legal Counsel, *Re: Proposed Presidential Proclamation Entitled "Establishment of the Governors Island National Monument"* (Jan. 19, 2001).

disposition or sale of public lands." *Federal "Non-Reserved" Water Rights*, 6 Op. O.L.C. 328, 340 (1982). For example, a general statute affecting public lands enacted after the President's reservation of lands for a federal purpose will not be interpreted to apply to the reserved lands. *See, e.g.*, *United States v. Minnesota*, 270 U.S. 181, 206 (1926) (noting the "familiar rule" that "lands which have been appropriated or reserved for a lawful purpose are not public, and are to be regarded as impliedly excepted from subsequent laws"). The general rule, however, is subject to the exception that a particular area of reserved land will be governed by a statute that specifically requires the disposition of that land. *See, e.g.*, *id.* (noting that the "familiar rule" only applies when the subsequent law "do[es] not specially disclose a purpose to include [the reserved lands]"); *Scott v. Carew*, 196 U.S. 100, 109 (1905) ("[W]henever a statute is passed containing a general provision for the disposal of public lands, it is, *unless an intent to the contrary is clearly manifest by its terms*, to be held inapplicable to lands which for some special public purpose have been in accordance with law taken full possession of by and are in the actual occupation of the Government.") (emphasis added); *Missouri, K&T Ry. Co. v. Roberts*, 152 U.S. 114, 119 (1894) ("[A] tract lawfully appropriated to any purpose becomes thereafter severed from the mass of public lands, and . . . no subsequent law or proclamation will be construed to embrace or operate upon it . . . . Congress cannot be supposed to grant [reserved lands] in a subsequent law, general in its terms. *Specific language, leaving no room for doubt as to the legislative will, is required for such a purpose*.") (emphasis added) (internal quotation marks omitted). Although here (unlike the situation in the cited cases) the statute specifically requiring sale of the land was enacted before the President's reservation of the land under a general reservation statute, we believe that the principle of following the more specific statute still applies. A statute that specifically requires the sale or some other disposition of a particular area of land will continue to apply even if the land is later reserved under a general reservation statute.

Section 9101, enacted in 1997, requires the Administrator to "dispose of by sale at fair market value all rights, title, and interests of the United States in and to the land of, and improvements to, Governors Island, New York." Pub. L. No. 105-33, § 9101(a). The statute further provides that "[b]efore a sale is made under subsection (a) to any other parties, the State of New York and the city of New York shall be given the right of first offer to purchase all or part of Governors Island at fair market value as determined by the Administrator . . . ." *Id.* § 9101(b). Because section 9101 shows Congress's intent to require the Administrator to sell Governors Island, the statute applies, under the principle explained above, even after the President's reservation of the land under the Antiquities Act on January 20, 2001. If there were any doubt that the specific terms of section 9101 apply regardless of the reservation of the land under the Antiquities Act, the first clause of subsection (a) of section 9101, which requires the Administrator to sell the

property "[n]otwithstanding any other provision of law," makes it clear that section 9101's requirements survive the designation of Governors Island as a national monument.

The proclamation designating Governors Island as a national monument explicitly recognizes the Administrator's continuing obligation to sell the land. The paragraph providing for the withdrawal of federal lands from sale, leasing, or other disposition under the public land laws begins with the proviso that such withdrawal is "[s]ubject to existing law, including Public Law No. 105-33, Title IX, section 9101(a), 111 Stat. 670 (Aug. 5, 1997)." 66 Fed. Reg. at 7856. This proviso tracks what the law already requires—namely, that section 9101, because it specifically mandates the sale of Governors Island, applies despite the President's reservation of that land as a monument under the Antiquities Act.

DANIEL L. KOFFSKY
*Acting Assistant Attorney General*
*Office of Legal Counsel*